Dear Senator Snowden:
You recently requested an opinion from this office as to whether the Hancock Amendment requires the Board of Trustees of North Kansas City Memorial Hospital to obtain voter approval before raising the fees and charges it makes to patients at the hospital.
You inform us that pursuant to §§ 96.150 through 96.228, RSMo, a special election was held in the City of North Kansas City, Missouri, on June 22, 1954, at which time the qualified voters of North Kansas City authorized that a tax be levied to establish and maintain a hospital in the City of North Kansas City. Further, in 1958, the North Kansas City Memorial Hospital commenced operation and has subsequently undergone significant expansion until today it houses 312 beds and provides a complete, regional medical facility for the area.
It is further our understanding that the Board of Trustees is appointed by the mayor of North Kansas City, subject to the approval of the city council of that city. The Board has reporting responsibilities to the city council and other duties more fully described in Chapter 96, RSMo.
The portion of the Hancock Amendment which applies directly to your question is found in Art. X, § 22(a), Mo. Const., and provides in pertinent part as follows:
 Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . .
In our Opinion No. 124, Holt, 1981, we held that the language "existing tax, license or fees" as used in Art. X, § 22(a), did not apply to charges which were imposed to defray the expense incurred in providing a service or in making an activity available to those upon whom the charge was imposed. (A copy of said opinion is enclosed for your review.) We believe that the reasoning of Opinion No. 124 is applicable to the question which you have asked, and accordingly, it is our opinion that Art. X, § 22(a), does not require voter approval for the North Kansas City Memorial Hospital to increase the fees and charges it makes to its patients, provided the fees and charges are established merely to defray the costs of providing the service for the patient care offered by the hospital.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 124 (1981)